IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KATHLEEN ANN BETTS,
    Plaintiff,

vs.                                              Case No.: 3:13cv288/RV/EMT

KENNETH S. BETTS,
    Defendant.
_____ /

## ORDER and REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil complaint filed pursuant to 28 U.S.C. § 1331 (doc. 1). Plaintiff also filed a motion for leave to proceed in forma pauperis (doc. 4), which will be granted.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). Upon review of the complaint, the court concludes that dismissal of this case is warranted.

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit;

within the latter are those cases describing scenarios clearly removed from reality. Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990) (citing Neitzke, 490 U.S. at 327).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true, and only reasonable inferences are drawn in favor of the plaintiff. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp., *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations—on their face—show that an affirmative defense bars recovery on the claim. Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1022 (11th Cir. 2001). Upon review of the complaint, the court concludes that Plaintiff's claim is frivolous.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

Plaintiff states she is bringing her complaint under 18 U.S.C. § 912 (doc. 1 at 4).[2] She states on February 20, 2008, Defendant, her former husband, obtained a domestic violence injunction against her (*id.* at 5). She states on March 15, 2008, Defendant took her to a rehabilitation center for a "drinking disorder" (*id.*). Plaintiff alleges the rehabilitation center placed her on several medications (*id.*). She alleges Defendant visited her there and knew or should have known she was medicated and not thinking clearly (*id.*). Plaintiff alleges on March 24, 2008, Defendant sent a "stipulated temporary order" ("Agreement") to her at the rehabilitation center, which provided that she would relinquish her legal rights to the marital home and custody of her children, and she could have access to the home and the children at Defendant's discretion, but he could have her removed from the home by law enforcement if she did not comply with his wishes (*id.* at 4–6). Plaintiff alleges Defendant promised to remove the domestic violence injunction if she signed the Agreement (*id.* at 5). She alleges the next day, on March 25, 2008, she and Defendant signed the Agreement (*id.* at 4, 5). She alleges a circuit court judge ratified the Agreement on April 9, 2008 (*id.* at 4).

Plaintiff alleges on April 28, 2008, she left the rehabilitation center, and Defendant agreed that she could come to the home (doc. 1 at 6). When she arrived, Defendant immediately told her to leave (*id.*). She alleges she complied, and went to her mother-in-law's home, where she was arrested for violating the domestic violence injunction, which he had led her to believe had been removed (*id.* at 4, 6). Plaintiff alleges she was booked into the local jail and released the next day (*id.* at 6). She alleges on December 29, 2008, she received notification that the domestic violence injunction had been removed (*id.*).

Plaintiff claims that Defendant drafted the Agreement with the intent to deceive her into following a course of conduct she would not have agreed to had it not been for his deceitful conduct, in violation of 18 U.S.C. § 912 (doc. 1 at 7–8). She seeks compensatory damages in the total amount of $1,000,000.00 for loss of property, physical suffering and pain, as well as emotional suffering and distress from the loss of custody of her children and alienation from them (*id.*). She also seeks punitive damages and equitable relief (*id.*).

---

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

The allegations of the complaint fail to state a claim with an arguable basis in law. Plaintiff claims that Defendant violated 18 U.S.C. § 912. That federal statute is a criminal statute which provides:

> Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined under this title or imprisoned not more than three years, or both.

18 U.S.C. § 912.

The law is well-settled that a private citizen "has no judicially cognizable interest" in the criminal investigation or prosecution of another. Otero v. United States Attorney Gen., 832 F.2d 141 (11th Cir. 1987) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973)); *see also* Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (holding that a private citizen has no authority to initiate a criminal prosecution); Sattler v. Johnson, 857 F.2d 224, 226–27 (4th Cir.1988) (holding that a private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted); O'Berry v. State Attorneys Office, 214 F. App'x 654, 657 (11th Cir. July 23, 2007) (unpublished) (affirming district court's finding that a private citizen cannot force the United States Attorney General to bring a criminal prosecution against another citizen). Moreover, Plaintiff does not allege any facts suggesting her former husband falsely assumed or pretended to be an officer or employee of the United States when he allegedly deceived her into signing the Agreement. Therefore, Plaintiff is not entitled to relief on her claim.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). In this case, amendment would be futile; therefore, dismissal is appropriate.

Accordingly, it is **ORDERED**:

Plaintiff's motion for leave to proceed in forma pauperis (doc. 4) is **GRANTED**.

And it is it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B).

At Pensacola, Florida this 24th day of May 2013.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**