IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KATHLEEN ANN BETTS,
     Plaintiff,

vs.                                      Case No.:  3:13cv288/RV/EMT

KENNETH S. BETTS,
     Defendant.
_____ /

## **REPORT AND RECOMMENDATION**

This cause is before the court on Plaintiff's amended civil complaint (doc. 8).[1]  Plaintiff is proceeding pro se and in forma pauperis (*see* doc. 5).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  Upon review of the amended complaint, the court concludes that this case should be dismissed for lack of subject-matter jurisdiction.

I.     BACKGROUND

Plaintiff states she is bringing her complaint for constructive fraud, negligent infliction of emotional distress, and intentional infliction of emotional distress, pursuant to the Federal Rules of Civil Procedure, the Florida Rules of Civil Procedure, Florida Statute § 95.11(3), and the North Carolina Rules of Civil Procedure (doc. 8 at 2).[2]  She alleges she was a resident of North Carolina when "the majority" of the events underlying this action occurred, and Defendant was a resident of Florida (*id.*).  Plaintiff alleges that in February of 2008, Defendant, her former husband, obtained

---

[1] Plaintiff's initial complaint was dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim on which relief may be granted (*see* docs. 1, 5, 7).

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system.

a "sham" domestic violence injunction against her (*id.* at 2–3).  She alleges she was forced by law enforcement to leave her home and children in Santa Rosa County, Florida (*id.* at 3).  Plaintiff alleges in March of 2008, she checked herself into an in-patient rehabilitation center for alcohol abuse (*id.*).  She alleges the rehabilitation center placed her on "mind-altering" substances (*id.*).  She further alleges that despite the domestic violence injunction, Defendant convinced the facility's staff to arrange a meeting between him and Plaintiff for the purpose of obtaining her assent to an agreement ("Agreement"), which provided:  (1) Defendant would receive possession of the marital home and its contents, (2) Defendant would receive custody of their children, and (3) Plaintiff could visit the children at the marital home at Defendant's discretion, but he could have her removed from the home by law enforcement if she did not comply with his wishes (*id.* at 3–5).  Plaintiff alleges the Agreement also stated it would "replace" the domestic violence injunction (*id.*).  Plaintiff alleges this meeting occurred on March 25, 2008 (*id.*).  She alleges Defendant had access to her medical records and knew she was medicated and not thinking clearly (*id.*).  She alleges she signed the Agreement, even though she was not thinking clearly and, in hindsight, she signed it in an effort to reconcile with Defendant (*id.*).

Plaintiff alleges a state circuit court judge ratified the Agreement on April 9, 2008 (doc. 8 at 6).  She alleges the judge should have known that the term of the Agreement providing that it "replaced" the domestic violence injunction was invalid, because the injunction could only be dissolved after a hearing, not by agreement of the parties (*id.*).  Plaintiff alleges she left the rehabilitation center on April 28, 2008, and Defendant agreed that she could go to the marital home (*id.*).  She alleges when she arrived, Defendant immediately told her to leave (*id.*).  She alleges she complied, and went to her mother-in-law's home, where she was arrested for violating the injunction, which he had led her to believe had been dissolved pursuant to the Agreement (*id.* at 7).  Plaintiff alleges she was charged with contempt for violating the domestic violence injunction, and booked into the local jail, but she was released the next day (*id.*).  She alleges she moved to North Carolina several days later (*id.*).

Plaintiff alleges while she lived in North Carolina, Defendant brought the children to see her, which violated the terms of the domestic violence injunction (doc. 8 at 8).  She alleges she visited the children in Florida in September, November, and December of 2008, and during those visits, she

and Defendant had "intimate relations" even though this violated the terms of the injunction (*id.* at 8–9). Plaintiff alleges she was notified in January of 2009 that the domestic violence injunction had been dismissed (*id.* at 9). She alleges it took five (5) years for all of the contempt proceedings and criminal charges to be dropped (*id.* at 10). Plaintiff alleges she incurred costs of $155,500.00 defending the contempt charges and related criminal charges, and contesting the divorce (*id.* at 10).

Plaintiff claims that her assent to the Agreement was the result of coercion, duress, undue influence, and constructive fraud by Defendant (doc. 8 at 1–10). She further contends the Agreement lacked consideration (*id.*). Plaintiff additionally claims that Defendant is liable for negligent and intentional infliction of emotional distress (*id.*). As relief, she seeks compensatory and punitive damages, and "such other and future relief as the Court deems proper" (*id.*).

II.    ANALYSIS

A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005); University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, and in fact, a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking. Bochese, 405 F.3d at 975 (quoting University of South Alabama, 168 F.3d at 410); Miccosukee Tribe of Indians of Florida v. Kraus-Anderson Const. Co., 607 F.3d 1268, 1273 (11th Cir. 2010). A district court may address its lack of subject matter jurisdiction in two ways: the court may find insufficient allegations in the pleadings, viewing the alleged facts in the light most favorable to Plaintiff, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. Lovern, 190 F.3d at 653 (citations omitted). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists. *Id.* at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 2d 951 (1942)).

Rule 8 of the Federal Rules of Civil Procedure provides that the complaint must contain a short and plain statement of the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

Subject-matter jurisdiction in federal court may be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity.

Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Miccosukee Tribe of Indians of Florida, 607 F.3d at 1273 (citing 28 U.S.C. § 1331). However, the mere assertion of a federal claim or citation to a federal statute is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331. "Federal jurisdiction requires that a party assert a *substantial* federal claim." Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing Hagans v. Lavine, 415 U.S. 528, 536 (1976)) (emphasis added); *see also* Baker v. Carr, 369 U.S. 186 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous). In Hagans, the Supreme Court noted: "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion.'" 415 U.S. at 536–37 (citations omitted); McGinnis v. Ingram Equip., Co., 918 F.2d 1491, 1494 (11th Cir. 1990) (the test of federal jurisdiction is whether "the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction") (citations omitted); Peterson v. Ramirez, 428 F. App'x 908, 909 (11th Cir. 2011) (unpublished) (citing McGinnis). While emphasizing that this insubstantiality threshold is a difficult one to meet, the Supreme Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination." Hagans, 415 U.S. at 538.

For diversity jurisdiction, Plaintiff must allege that she and Defendant are citizens of different states and that the matter in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004) (quoting Mollan v. Torrance, 9 Wheat. 537, 539, 6 L. Ed. 154 (1824)); Freeport-McMoRAN, Inc. v. K N Energy, Inc., 498 U.S. 426, 428, 111 S. Ct. 858, 112 L. Ed. 2d 951 (1991) (restating the "well-established rule" that diversity of citizenship is assessed at the time the action is filed). This time-of-filing rule is "hornbook law," taught to first-year law students in any basic course on federal civil procedure. *Id.*, 541 U.S. at 571. It measures all

challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing. *Id.*

In the instant case, Plaintiff appears to be proceeding under federal diversity jurisdiction. However, she bases her jurisdictional allegations upon where the parties resided <u>when the events underlying this action occurred</u>, namely, February of 2008 to January of 2009 (doc. 8 at 2, 7–9). At the time Plaintiff <u>filed this action</u>, which is the relevant date for jurisdictional purposes, she and Defendant both resided in Florida; indeed, in Plaintiff's motion to proceed in forma pauperis, she declared, under penalty of perjury, that she resides in Pensacola, Florida (*see* docs. 1, 4). Therefore, the record does not establish diverse citizenship that would support diversity jurisdiction under 28 U.S.C. § 1332.

Additionally, the factual allegations of the complaint, construed liberally, do not suggest a violation of federal law or otherwise assert a substantial federal claim. At most, Plaintiff's allegations state a state law claim for civil fraud and negligent and intentional infliction of emotional distress. The appropriate jurisdiction for such state law claims, absent a showing of federal diversity jurisdiction, is state court. Therefore, the record does not support federal question jurisdiction under 28 U.S.C. § 1331.

III.    CONCLUSION

The allegations of Plaintiff's Amended Complaint, construed liberally, fail to show a jurisdictional basis for this federal action. Therefore, this action must be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED with prejudice** for lack of subject matter jurisdiction.

At Pensacola, Florida, this 23rd day of July 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No.:  3:13cv288/RV/EMT

## <u>NOTICE TO THE PARTIES</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**