IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KATHLEEN ANN BETTS,

    Plaintiff,

vs.                                                   Case No.:  3:13cv288/RV/EMT

KENNETH S. BETTS,

    Defendant.
_____/

**O R D E R**

Now before the court is the magistrate judge's Report and Recommendation, dated July 23, 2013 (doc. 10) (Report). The plaintiff has been provided with a copy of the Report, and she has been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636. I have made a de novo determination of her timely filed objection (doc. 12).

This action arises out of the dissolution of the marriage between the plaintiff and defendant. As detailed in the Report, the plaintiff contends that the defendant procured a "sham domestic violence injunction" against her, after which he got her (while she was under coercion, duress, undue influence, and mind-altering drugs) to enter into a "stipulated agreement." This agreement was then used against her and served as the basis for a series of negative divorce court rulings with respect to her children and property rights. She is seeking money damages for constructive fraud, along with negligent and intentional infliction of emotional distress. The Magistrate Judge has recommended that the complaint be dismissed for lack of federal subject matter jurisdiction due to the absence of diversity between the parties.

I agree with the Report, and it is adopted and incorporated by reference into this order. However, even if there is diversity jurisdiction (as plaintiff has asserted in her objection), I would dismiss this cause for the reasons set forth in Schottel v.

Kutyba, 2009 WL 230106 (2d Cir. 2009). Although this is an unpublished decision from outside our circuit, it is directly on point and persuasive. The plaintiff alleged there, as here, that the defendant (her ex-husband) committed fraud by "coercing" her into signing documents that were later used against her in divorce proceedings and which deprived her of custody and visitation rights of her children. She filed a federal civil action in the Southern District of New York, alleging fraud and seeking money damages for emotional distress. The district court (Mukasey, J.) dismissed the suit for failure to state a claim for relief as "the gravamen of her claim involves a dissolution of marriage", after which the plaintiff appealed to the Second Circuit. The panel that heard the case (which included then-Judge now-Justice Sotomayor) affirmed and held there was no federal jurisdiction because the alleged torts "begin and end in a domestic dispute", which is better suited for resolution in state court. As the Court of Appeals stated, "a plaintiff cannot obtain federal jurisdiction merely by rewriting a domestic dispute as a tort claim for monetary damages." Id. at *1 (citing and quoting American Airlines Inc. v. Block, 905 F.2d 12, 14 (2d Cir. 1990) ("A federal court presented with . . . issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts")). I agree with the Second Circuit's analysis and conclusion.

Accordingly, it is now **ORDERED** as follows:

1. The Magistrate Judge's Report (doc. 10) is adopted and incorporated by reference into this order.

2. This cause is hereby **DISMISSED with prejudice** for lack of jurisdiction, for the reasons provided in the Report and as further discussed above.

**DONE AND ORDERED** this 13th day of August, 2013

/s/ Roger Vinson  
**ROGER VINSON**  
**SENIOR UNITED STATES DISTRICT JUDGE**